JOSEPH YOUNG, *petitioner for partition, versus* ROBERT GREGORY.

A. owns lot 4, and A. and B. own lot 3, in common. A. and B. divide lot 3, assigning A. the easterly half, adjoining lot 4. They occupy it accordingly, and maintain a division fence. Fifteen years afterwards, the wife of A. obtains a divorce, and, by written agreement of all the parties, a committee is appointed to assign dower to her in lot 4, and an undivided half of lot 3. They assign her fifty acres "of the *south-westerly side* of said lots," and she records the assignment. She places a house on the easterly half of lot 3, and lives there forty years : —

*Held,* that there is no ambiguity in the terms of the assignment, and parol evidence is inadmissible to show that all the parties understood the part assigned to be the *easterly half of lot* 3.

THE petitioner claimed to be tenant in common, with Robert Gregory, of a lot of land in Camden, each owning one undivided half of the described lot, being the easterly half of lot No. 3, shore range, by Fales' survey. After entry in Court, Hanson Gregory was allowed to come in and defend as to a part of the described premises; Robert Gregory, the original respondent, pleading that he is sole seized in fee of all the premises, except a small portion at the end furthest from the shore; and Hanson Gregory pleading that he is sole seized of about three acres at the back end of the lot.

The case presents the following facts : —

William Gregory, sen., was the owner of lots 1, 2, 3 and 4, in Camden, and by deeds conveyed lot 3, to his sons William, jr., and John, Feb. 22, 1799, and lot 4, to William jr., April 6, 1807. William, jr., and John, in 1799, divided lot 3, lengthwise, after which John and those claiming under him always occupied the westerly half, and William the easterly half, adjoining lot 4. Milla Gregory, wife of William, jr., sued for and obtained a divorce in 1809; and, having demanded her dower in her husband's lands, a committee was appointed, by an instrument under seal executed by William Gregory, jr., John Gregory, Job Ingraham, attorney for Milla Gregory, and others, to assign her dower in lot 4, and an undivided half of lot 3. They assigned to her "fifty and a third acres of land of the south-westerly side of said lots, running parallel lines," &c. Both the agreement and assignment were dated April 6, 1814. Subsequently, Milla Gregory moved a house upon the easterly half of lot 3, and lived there till she died, about 1856.

Besides the two deeds of William Gregory, sen., above mentioned, the petitioner introduced deeds of William Gregory, jr., to W. Spear, A. G. Coombs, C. Tolman and John Gregory, conveying to them lot 4, and an undivided fourth part of lot 3, dated April 6, 1813; Spear, Coombs, Tolman and J. Gregory to Joseph Young, conveying an undivided fourth part of lot 3, dated June 6, 1814; and Joseph Young to Joseph Young, jr., (the petitioner,) conveying the same, dated August 29, 1830.

There was some evidence as to a deed from William Gregory, jr., to Milla Gregory, subsequent to the alleged assignment of dower; but the deed was not produced, and the evidence was excluded.

The petitioner offered parol testimony, to prove that the land mentioned in the agreement for the assignment of dower, and in the committee's report, out of which dower was set out, was lot 4 and the easterly half of lot 3, and was so understood by all the parties; and that the land actually assigned to Milla Gregory, as her dower, was the easterly half

of lot 3, and was so understood by all the parties, being the same premises described in the petition for partition. This evidence was excluded by the Court.

The Court further ruled that it did not appear, from the evidence adduced, that the land described by the committee as set out for dower was the easterly half of lot 3, but some other land.

The case was then taken from the jury and submitted to the full Court, on report of the evidence; and if they are of opinion that it does not appear from the testimony that the land set out as dower was the easterly half of lot 3, and if the evidence offered was properly excluded, the petitioner is to become nonsuit; otherwise the case is to stand for trial.

*L. W. Howes*, for the petitioner.

The facts, that William Gregory, jr., claimed and occupied the easterly half of lot 3, with the adjoining lot 4, and John claimed and occupied the westerly half of lot 3, maintaining a division fence between the two; that these two parcels together contained about 150 acres, of which 50 and a third acres, set out for dower to Milla Gregory, would be a just proportion; and that, directly after the set-off, she moved a house upon the easterly half of lot 3, and lived in it, on the same land, for more than 40 years, show that the committee, by the words " fifty and a third acres of the south-westerly side of said lots," meant the south-westerly part of the two parcels claimed and occupied by the husband, which would be the easterly half of lot 3. If lot 3 was really undivided, how could they set off a distinct portion of it as dower?

As to the admissibility of the evidence excluded, the counsel cited 1 Greenl. on Ev., § § 287, 290; Chitty on Cont., 101. Written instruments are to be read by the light of surrounding circumstances. In this case, the acts of all the parties concerned, for forty years, show how they understood the assignment of dower; and, however irregular the proceedings or ambiguous the language used, it is too late to set up such

irregularity or ambiguity in opposition to those acts so long continued.

*A. P. Gould,* for respondents, said they derived their title from Milla Gregory, who had a deed from William Gregory, jr., subsequent to the alleged assignment of dower, conveying to her the easterly half of lot 3. The deed from Milla to respondents has not been produced, the petitioner having failed to make out a case. The assignment of dower under written agreement of the parties, accepted and recorded by the dowress, if valid, does not embrace the premises of which partition is sought, but assigns to the widow the "southwesterly side" of lots 3 and 4, the lots described in the agreement. Verbal testimony is inadmissible to contradict the language of the award; to substitute, for the plain terms of a written document, something altogether different, depending on the recollections of witnesses of a transaction nearly fifty years ago, and that too where the title to real estate is pending. Counsel would hardly contend that a deed conveying lot A., could be controlled by parol testimony that the grantor meant to convey lot B. The "east half" is as distinct from the "west half" as A from B.

William and John Gregory were tenants in common of lot 3, when dower was assigned. They had made a verbal division, but had not occupied accordingly for twenty years.

Milla Gregory obtained title to the premises by disseizin, *unless* she was tenant in dower.

The opinion of the Court was drawn up by

TENNEY, C. J.—A parcel of land is described in the petition, which, it is agreed by the parties, is the easterly half of lot No. 3, shore range, by Fales' survey, in the town of Camden. It is alleged that the petitioner is seized in fee of an undivided half of the same in common, and prays judgment for partition thereof. Robert Gregory, the respondent, pleads that he is sole seized of all the land described in the petition, excepting a small parcel on the end thereof furthest from the

shore, of which he alleges that one Hanson Gregory is sole seized and holds the same in severalty. Hanson Gregory, who was admitted to defend, alleges the same facts stated in the plea of Robert Gregory.

The petitioner introduced deeds, under which he claimed title to the premises; and also the record of divorce of Milla Gregory from the bonds of matrimony with her former husband, William Gregory, jr., in the year 1809, the assignment of dower to her afterwards, and her subsequent death. He contended that the land assigned as dower to Milla Gregory was identical with that described in his petition; and he introduced parol evidence that it was so, which, being objected to by the respondent, was excluded.

The case was taken from the jury, and, from the evidence reported, the whole Court are to decide the case as follows : — If it does not appear, from the evidence in the case, that the easterly half of said lot No. 3, is the portion set off as dower to Milla Gregory, and that the evidence offered by the petitioner, and excluded by the Judge, was properly excluded, the petitioner is to become nonsuit; otherwise the case is to stand for trial.

On April 6, 1814, William Spear, Archibald G. Coombs, Curtis Tolman and John Gregory executed an instrument under their several hands and seals, and, after stating therein that Milla Gregory, formerly the wife of William Gregory, jr., obtained a divorce from him, and has made demand of her right of dower in lot No. 4, in the shore range, and also the undivided half part of lot No. 3, in the same range, by Fales' survey, containing one hundred acres each; — they further state, " therefore we, the said Spear, Tolman, Coombs and Gregory, and Job Ingraham, the attorney of Milla Gregory, have appointed Ephraim Gay, Robert Jameson and Elkanah Spear, to set off and make a division of said real estate, to said Milla Gregory, as her right of dower in said estate."

On the same day, the said Gay, Jameson and Elkanah Spear, made their return, that they met on the premises, and made the following division to the best of their judgment,

viz. :— That Mrs. Milla Gregory shall have fifty and a third acres of land off of the south-westerly side of said lots, running parallel lines, &c.

It is not disputed that, by the terms used by the persons who set off the land as dower, it is very clear what part of the two lots was set off; but it is contended, by the petitioner, that the land actually assigned was the easterly half of lot No. 3.

It is very manifest by a comparison of the description of the land in this assignment, and in the petition, that they are not identical. The land set off is the western part instead of the eastern part of No. 3. The language is unequivocal, and free from ambiguity. It does not appear that any part of the land assigned was on the eastern half of lot No. 3.

The parol evidence offered tended to contradict and qualify the language of the return, and was inadmissible.

According to the agreement of the parties, the petitioner must become                              *Nonsuit.*

APPLETON, CUTTING, DAVIS and KENT, J. J., concurred.